UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF Florida
<u>Jacksonville</u> Division

<u>RICHARD JEROME SMITH</u>

V

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DISTRICT
2017 AUG 18 PM 12:57
FILED

"Fruit of Poisonous tree
BREVARD COUNTY JAIL COMPLEX "Reprisal"
DEPUTY SHERIFF WAYNE IVORY "Reprisal"
all OIC'S  E.T.A.L. "Reprisal"
all Corporal's E.T.A.L. Liz Reprisal
all Sgt's    E.T.A.L. Liz Reprisal
all Jail Commander's Liz Reprisal
all L.T's    E.T.A.L. Liz Reprisal
all Captain's E.T.A.L. Liz Reprisal
501 Bubble  E.T.A.L. Liz Reprisal
Administration E.T.A.L. Liz Reprisal
Classification E.T.A.L. Liz Reprisal
Major's      E.T.A.L. Liz Reprisal
Conl's       E.T.A.L. Liz Reprisal
Tampering with Legal Civil suits
had deadlines 8 of them
denied due Process of Law, Retaliation
on detainee's" Plus mail carrier not doing Job"
    IN THEIR INDIVIDUAL OFFICIAL
       CAPACITY   E.T.A.L.

Also Law Librarian E.T.A.L.
            Reprisal

(1)

Now come's the Petitioner X-con Richard Jerome Smith X defender of DOC, I'm seeking relief under Retaliation under the rules of ADA retarded rule of the American with disability Act to treat with respect, to an individual that has an chronic illness, or disable Handicapp. §1997 Interview with Civil Rights states about all retarded people, last night 8-12-2017 12:30 p.m. I watch the corporal come in an take a bag of tissue now theirs none in the cell of 502 this is retaliation on every inmate here inside this cell 502 plus because done file an complaint based upon violation of my day to day activity that I do's during the course of a day, I study every rule of the American with Disability Act, plus I have been pro-se Litigant since C/O Olohan Sean P tired to kill me at Luke Butler Fla, everytime I try to refile an get the money George Lemon # 017548 ask for because he's my half brother through Robert Nelson we call Bob Nelson that was my mother boy friend. I am an citizen here in Brevard County Jail Complex I am doing time of 11½ months an I have been Discriminated against because of the

2

sence of March 18, 2015 when I file on the Law Librarian for messing up my copies, I was filing on Kiesha Pratt, Larry Simpson Jr they call "Simp" and Fox Lamb he an Transquilish. he also start a lot of drama around the town of Melbourne Fla, here I am 100% disable an Handicapp with Conjestive Heart failure my heart is seriously bad bad bad bad bad bad badly mess-up God allows me to live day to day. I was told by Sgt Davis and other Sgt Edwards that deputy Sheriff Wayne Ivory said I can not file no complaint from this Jail so they mess up my dead lines about 7 of them an it piss me off, one was them killing my only male child that God gave me, if these deputies child died they do the samething as I am doing and they be reudy to just pick anybody an might kill his ass him an some of his buddies fellow's deputies an they all takes the 5th Amendment to the United States Constitution of this Country USA.

Here I am an detainee I seeks for an better way of understanding in the real true Costom and policies of this facility it's not correct as of now and I know it's not I am one of the first van that open this facility back in 1986 from the old County Jail in

B

Titusville Fla and it's not like it sur poslying to be I am almost 60 years old I'm no dummy I read as the Lord Jesus Christ allows me to it's God will be done in each our life not ours.

## STATE A CLAIM

Violation of Right 8th Amendment
Violation of Right 1th Amendment
Violation of Right 6th Amendment
Violation of Right 14th Amendment
Violation of Right 5th Amendment
Violation of Right 15th Amendment
Violation of ADA policies & Customs
Violation of Police Misconduct policies and Customs
Violation of Chapter 119.0714
Violation of Coping proper Codies

## Relief Requested

Compensate for Mental Emotional dispression
Compensate for Pain and Suffering
Compensate for keep me upset while having Conjestive Heart failure
Compensate for not being place back on Mental Hel Health Medication
Compensate for me being griefed about my son Richard Jermain Smith death couldn't call no body or look over my son body personally. (4)

Compensate for Retaliation for me filing an Suit on deputy Sheriff Wayne Ivory for denying me an Notary through X deputy Sgt Davis

To be compensated in redemption for X amount of dollars in redemption Damagest requested

$ 75,000.00

Requesting Magistrated hearing on disposition intowhich all my court dead line was Tampered with inside 501 the same incident happen ones before retaliation on un disable Handicapp retarded person

(8)

Case 6:17-cv-01515-CEM-T_S Document 1 Filed 08/18/17 Page 6 of 17 PageID 6

Who is "Qualified Individual" Under Americans With..., 146 A.L.R. Fed. 1...

"(IV) learned behavioral or adaptive neurological modifications.

"(ii) The ameliorative effects of the mitigating measures of ordinary eyeglasses or contact lenses shall be considered in determining whether an impairment substantially limits a major life activity.

"(iii) As used in this subparagraph—

"(I) the term "ordinary eyeglasses or contact lenses" means lenses that are intended to fully correct visual acuity or eliminate refractive error; and

"(II) the term "low-vision devices" means devices that magnify, enhance, or otherwise augment a visual image.".

(b) Conforming Amendment— The Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.) is further amended by adding after section 3 the following:

"SEC. 4. ADDITIONAL DEFINITIONS.

"As used in this Act:

"(1) AUXILIARY AIDS AND SERVICES— The term "auxiliary aids and services" includes—

"(A) qualified interpreters or other effective methods of making aurally delivered materials available to individuals with hearing impairments;

"(B) qualified readers, taped texts, or other effective methods of making visually delivered materials available to individuals with visual impairments;

"(C) acquisition or modification of equipment or devices; and

"(D) other similar services and actions.

"(2) STATE— The term "State" means each of the several States, the District of Columbia, the Commonwealth of Puerto Rico, Guam, American Samoa, the Virgin Islands of the United States, the Trust Territory of the Pacific Islands, and the Commonwealth of the Northern Mariana Islands.".

(c) Amendment to the Table of Contents— The table of contents contained in section 1(b) of the Americans with Disabilities Act of 1990 is amended by striking the item relating to section 3 and inserting the following items:

"Sec. 3. Definition of disability.

"Sec. 4. Additional definitions.".

SEC. 5. DISCRIMINATION ON THE BASIS OF DISABILITY.

(a) On the Basis of Disability— Section 102 of the Americans with Disabilities Act of 1990 (42 U.S.C. 12112) is amended

Case 6:17-cv-01515-CEM-T_S   Document 1   Filed 08/18/17   Page 7 of 17 PageID 7

Who is "Qualified Individual" Under Americans With..., 146 A.L.R. Fed. 1...

"(B) a record of such an impairment; or

"(C) being regarded as having such an impairment (as described in paragraph (3)).

"(2) MAJOR LIFE ACTIVITIES—

"(A) IN GENERAL— For purposes of paragraph (1), major life activities include, but are not limited to, caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working.

"(B) MAJOR BODILY FUNCTIONS— For purposes of paragraph (1), a major life activity also includes the operation of a major bodily function, including but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions.

"(3) REGARDED AS HAVING SUCH AN IMPAIRMENT— For purposes of paragraph (1)(C):

"(A) An individual meets the requirement of "being regarded as having such an impairment" if the individual establishes that he or she has been subjected to an action prohibited under this Act because of an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity.

"(B) Paragraph (1)(C) shall not apply to impairments that are transitory and minor. A transitory impairment is an impairment with an actual or expected duration of 6 months or less.

"(4) RULES OF CONSTRUCTION REGARDING THE DEFINITION OF DISABILITY— The definition of "disability" in paragraph (1) shall be construed in accordance with the following:

"(A) The definition of disability in this Act shall be construed in favor of broad coverage of individuals under this Act, to the maximum extent permitted by the terms of this Act.

"(B) The term "substantially limits" shall be interpreted consistently with the findings and purposes of the ADA Amendments Act of 2008.

"(C) An impairment that substantially limits one major life activity need not limit other major life activities in order to be considered a disability.

"(D) An impairment that is episodic or in remission is a disability if it would substantially limit a major life activity when active.

"(E)(i) The determination of whether an impairment substantially limits a major life activity shall be made without regard to the ameliorative effects of mitigating measures such as—

"(I) medication, medical supplies, equipment, or appliances, low-vision devices (which do not include ordinary eyeglasses or contact lenses), prosthetics including limbs and devices, hearing aids and cochlear implants or other implantable hearing devices, mobility devices, or oxygen therapy equipment and supplies;

"(II) use of assistive technology;

"(III) reasonable accommodations or auxiliary aids or services; or

Case 6:17-cv-01515-CEM-T_S   Document 1   Filed 08/18/17   Page 8 of 17 PageID 8

Police Misconduct as Municipal Policy or Custom, 13 Am. Jur. Proof of Facts 3d 1...

\# "Phantom pain" and other subjective pain not readily apparent to layperson [9 Am. Jur. Proof of Facts 3d 207]

\# Mental anguish

— Fright and shock

— Anxiety, depression, and other mental suffering or illness [ 29 Am. Jur. Proof of Facts 529; 30 Am. Jur. Proof of Facts 1; 29 Am. Jur. Proof of Facts 2d 571]

— Anxiety as to future disease or condition [50 A.L.R. 4th 13]

— Physical injuries caused by mental anguish

\# Harm from loss of sleep [ 28 Am. Jur. Proof of Facts 1]

\# Sexual dysfunction [13 A.L.R. 4th 183]

\# Anosmia (loss of sense of smell) [27 Am. Jur. Proof of Facts 2d 361]

\# Past and future impairment of ability to enjoy life [ 24 Am. Jur. Proof of Facts 171; 34 A.L.R. 4th 293]

*Damages recoverable by heirs or dependents of injured person—*

\# Loss of consortium [ 30 Am. Jur. Proof of Facts 73; 27 Am. Jur. Proof of Facts 2d 393]

\# Loss of household services from killed or injured spouse [ 13 Am. Jur. Proof of Facts 193; 14 Am. Jur. Proof of Facts 2d 311; 38 Am. Jur. Proof of Facts 2d 195]

\# Parents' loss of minor's services

\# Loss of financial support from decedent's earnings and other income [13 Am. Jur. Proof of Facts 2d 45]

\# Loss of parental advice and guidance

\# Loss of companionship of decedent

\# Mental anguish and grief of survivors

\# Loss of prospective inheritance as result of death of injured person [24 Am. Jur. Proof of Facts 2d 211]

\# Funeral and burial expenses [3 A.L.R. 2d 932]

### § 28. Attorney fees

**[Cumulative Supplement]**

The Civil Rights Attorney Fees Awards Act of 1976, codified at 42 USCA § 1988, provides that in any action to enforce certain civil rights statutes, including Section 1983 of Title 42, the court in its discretion may allow the prevailing party, other than the United States, a reasonable attorney fee as part of the costs.

The intent of the Act is to encourage "private attorneys general" to correct abuses of civil rights. To effectuate this intent, the courts have permitted plaintiffs, nearly as a matter of right, to recover attorney fees if they prevail on "any significant issue" in the litigation. In contrast, defendants may recover attorney fees only if the lawsuit is meritless, frivolous, or vexatiously brought to harass or embarrass the defendant.[65]

Furthermore, the plaintiff may be considered to be a "prevailing party" in circumstances which fall short of a favorable judgment on all issues. The plaintiff may be considered to be the prevailing party even if:

1. He does not win on all the issues—or even the central issue;[66]



Case 6:17-cv-01515-CEM-T_S   Document 1   Filed 08/18/17   Page 9 of 17 PageID 9

Police Misconduct as Municipal Policy or Custom, 13 Am. Jur. Proof of Facts 3d 1...

2. The claim is settled or mooted prior to trial;[67]

3. Only nominal damages are awarded;[68]

4. A favorable settlement is agreed on prior to trial.[69]

A fee may also be granted in a case where only injunctive relief is obtained,[70] or only limited monetary relief is obtained.[71]

However, courts have often applied a "bright prospects" standard to find that where the merits of the case, the likelihood of success, or the damages involved are sufficient to attract competent counsel, the court has discretion to deny an application for counsel fees. This is because counsel in such cases can easily be obtained on a contingent basis; and, since the principal statutory purpose is not served by an award of fees in those circumstances, the addition of counsel fees to a judgment may be considered unjust and denied by the court.[72]

## CUMULATIVE SUPPLEMENT

**Cases:**

City residents' achievement of victory on a significant claim, that department's order setting forth relevant procedures subjected police department to class counsel's inquiries into police surveillance policies and potential injunctive relief for the class, brought about a material alteration of legal relationship between the parties, as required for residents to obtain award of attorney fees as prevailing party in civil rights action against police department, alleging that police were conducting surveillance and intelligence-gathering activities that violated their constitutional rights, where it empowered class counsel to challenge department's procedures. 42 U.S.C.A. § 1988(b). Handschu v. Police Dept. of the City of New York, 679 F. Supp. 2d 488 (S.D. N.Y. 2010).

**Prevailing party determination:** Plaintiffs who received $2,501 in damages in § 1983 action against police officers for violating their Fourth Amendment rights during traffic stop were "prevailing parties," and thus were entitled to award of attorney fees, even though plaintiffs asked for $66 million in damages in their complaint, where plaintiffs prevailed against all of individual officers on their most significant constitutional claims relating to use of excessive force. Reduction of hours credited by attorneys for prevailing plaintiffs in civil rights case against police officers for work on unsuccessful claims for illegal search and intentional infliction of emotional distress was not appropriate in calculating fee award, where unsuccessful claims were inextricably intertwined and involved common core of facts with one plaintiff's successful claim for excessive force. 42 U.S.C.A. §§ 1983, 1988(b). Anderson v. City of New York, 132 F. Supp. 2d 239 (S.D. N.Y. 2001); West's Key Number Digest, Civil Rights ⚖296.

[Top of Section]

[END OF SUPPLEMENT]

**III. Elements of Proof**

**§ 29. Checklist—Proof that use of excessive force by police officer was in accordance with municipal policy or custom**

[Cumulative Supplement]

Case 6:17-cv-01515-CEM-T_S    Document 1    Filed 08/18/17    Page 10 of 17 PageID 10

Discrimination on the Basis of Handicap Under the Fair..., 23 Am. Jur. Proof of...

plaintiff in person. The court noted that the defendant had no personal animosity toward defendant, but discriminated against him nevertheless and awarded compensatory damages.

The victims themselves, friends, and co-workers may present evidence of the adverse effects of the discrimination on the plaintiff.[12] Manifestations of emotional distress may include insomnia, depression, marital discord, and reduced efficiency at work.

**Caution:**

Lawyers attempting to prove damages for humiliation and emotional distress in cases involving discrimination based on handicap should be aware that judges and juries may apply a different standard in awarding damages to handicapped and nonhandicapped persons. If the plaintiff is mentally ill or mentally retarded, the trier of fact may not believe that such a person can feel embarrassment or humiliation to the extent experienced by a nonhandicapped person. Consequently, the trier of fact may be inclined to award damages in a smaller amount for discrimination based on disability than for discrimination based on other characteristics. Often this results from a lack of understanding of the nature of mental illness or mental retardation, stereotypes of persons with mental disability, and a "devaluation" (whether conscious or not) of such persons. Expert testimony concerning the nature of the disability may be necessary to educate the trier of fact in this regard. The expert should discuss the capacity of individuals with mental disabilities to experience various emotional reactions as compared to the rest of the population.

**Punitive damages**



Punitive damages are also recoverable under the Act. Punitive damages are awarded when the defendant's action is shown to be intentional and overt. Some standards are "willful,"[13] "malicious,"[14] and "reckless disregard for federally protected rights."[15] Generally, however, punitive damages are disfavored by law and are awarded only in limited circumstances. The Act originally had a cap of $1000 on punitive damages. The 1988 amendments eliminated this limitation.[16]

A plaintiff may also recover court costs and attorney fees.[17] The 1988 amendments eliminated the requirement that the plaintiff must be unable to pay either court costs or attorney fees to recover them.

**CUMULATIVE SUPPLEMENT**

Cases:

**Attorneys' fee awards:** Fee-shifting provisions of the Fair Housing Amendments Act (FHAA) and of the Americans with Disabilities Act (ADA), which permit court, in its discretion, to award reasonable attorney fees to prevailing party in litigation under the FHAA or ADA, require party to secure either a judgment on merits or court-ordered consent decree in order to qualify as "prevailing party"; fees may not be awarded, on catalyst theory, simply because plaintiff achieved desired result, because lawsuit brought about voluntary change in defendant's conduct. Civil Rights Act of 1968, § 813(c)(2), as amended, 42 U.S.C.A. § 3613(c)(2); Americans with Disabilities Act of 1990, § 505, 42 U.S.C.A. § 12205. Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001); West's Key Number Digest, Civil Rights ⚖ 296.

**Nominal damages:** Even if the jury were without adequate guidance on the question of nominal damages in action under the Fair Housing Act, plaintiffs' failure to challenge the jury instruction requiring proof of "insubstantial" actual damages, or of "legal harm" to support award of nominal damages waived their right to raise this question on appeal,



Case 6:17-cv-01515-CEM-T_S   Document 1   Filed 08/18/17   Page 11 of 17 PageID 11

Discrimination on the Basis of Handicap Under the Fair..., 23 Am. Jur. Proof of...

and failure to rectify this error as plain error would not result in a miscarriage of justice, given holdings on appeal that the plaintiffs were the prevailing parties and were entitled to new trial on punitive damages. Civil Rights Act of 1968, §§ 801 et seq., as amended, 42 U.S.C.A. §§ 3601 et seq. Alexander v. Riga, 208 F.3d 419 (3d Cir. 2000); West's Key Number Digest, Federal Courts ⚖630.1.

**Standard for punitive damages** under the Fair Housing Act (FHA) is whether defendants acted with malice or reckless indifference that their actions might violate a federal statute of which they were aware. Civil Rights Act of 1968, §§ 801 et seq., as amended, 42 U.S.C.A. §§ 3601 et seq. Hamad v. Woodcrest Condominium Ass'n, 328 F.3d 224 (6th Cir. 2003); West's Key Number Digest, Civil Rights ⚖275(1).

**FHA punitives:** Finding that developer had the requisite knowledge to be held liable for punitive damages under the Fair Housing Act (FHA) was supported by evidence that developer, who had refused to sell property to non-profit corporation based upon the disabilities of future residents, had been involved in the real estate industry for more than 20 years, during which time he had rented property to persons with disabilities, and that developer thus knew or perceived the risk that his actions violated federal law. Civil Rights Act of 1968, §§ 804(f)(1), 813(a)(1)(A), (c)(1), as amended, 42 U.S.C.A. §§ 3604(f)(1), 3613(a)(1)(A), (c)(1). Preferred Properties, Inc. v. Indian River Estates, Inc., 276 F.3d 790 (6th Cir. 2002), cert. denied, 122 S. Ct. 2663, 153 L. Ed. 2d 838 (U.S. 2002); West's Key Number Digest, Civil Rights ⚖275(1).

$20,000 fine under 42 USCA § 3614 against city that had failed to allow adult foster care home for 12 residents under its zoning regulation was inappropriate, where law was unsettled regarding reasonable accommodation at time of rezoning petition by adult foster care home operator, and where city did not intentionally discriminate against handicapped persons. Smith & Lee Assocs. v City of Taylor (1996, CA6 Mich) 102 F3d 781.

Although damages for emotional distress may be awarded in actions under Fair Housing Act (42 USCA § 3604) for distress that exceeds usual transient and trivial aggravation arising from changing housing, record did not support award of $5,000 to couple who were denied opportunity to buy mobile home in "adults only" mobile-home park as result of family-status discrimination, where park owner rescinded ban on children after being advised that rule was illegal and did not thereafter discriminate against claimants. Morgan v Secretary of Housing & Urban Dev. (1993, CA10) 985 F2d 1451.

Jury verdict awarding prospective tenants $200,000 compensatory and $250,000 punitive damages will not be reversed but must be reduced, where proven monetary loss was $210 in additional rent per month and $75 per week in day care —totalling $12,840 based upon 2-year calculation, because remittitur to $50,000 compensatory damages in monetary loss, plus emotional distress, plus matching punitive damages of $50,000, is at high end of reasonable range. Darby v Ridge (1993, ED Mich) 827 F Supp 1296.

Punitive damages will be awarded pursuant to 42 USCA § 3613(c)(1), where homeowners violated Fair Housing Act (42 USCA §§ 3601 et seq.) by filing state-court suit to prevent another subdivision homeowner from selling home to county for mentally retarded children's group home, because homeowners sought illegal objective in filing suit and displayed reckless or callous indifference to federally protected rights of others. United States v Wagner (1996, ND Tex) 930 F Supp 1148, 17 ADD 428.

**Punitive damages:** Record supported finding that mobile home park acted with a wanton and reckless disregard for a tenant's fair housing rights, and thus, award of punitive damages was not an abuse of discretion; park knew of tenant's disability, but continued to request her to perform maintenance it knew she was unable to perform, it made no attempt to accommodate her before posting a notice to quit, and it posted an erroneous demand for rent on the same day the tenant prevailed in the retrial of an unlawful detainer action. Civil Rights Act of 1968, §§ 801 et seq., as amended, 42 U.S.C.A. §§ 3601 et seq. West's C.R.S.A. §§ 13-21103, 24-34-502.2. Boulder Meadows v. Saville, 2 P.3d 131 (Colo. Ct. App. 2000); West's Key Number Digest, Civil Rights ⚖454.

upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Amendment V.

No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb, nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use without just compensation.

Amendment VI.

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed; which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for his defence.

Amendment VII.

In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law.

Amendment VIII.

Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

Amendment IX.

The enumeration in the Constitution of certain rights shall not be construed to deny or disparage others retained by the people.

Amendment X.

The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.

Amendment XI.

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

its institution:

RESOLVED by the Senate and House of Representatives of the United States of America, in Congress assembled, two thirds of both Houses concurring, that the following Articles be proposed to the Legislatures of the several States, as Amendments to the Constitution of the United States, all or any of which Articles, when ratified by three fourths of the said Legislatures, to be valid to all intents and purposes, as part of the said Constitution; viz.t.

ARTICLES in addition to, and Amendment of the Constitution of the United States of America, proposed by Congress, and ratified by the Legislatures of the several States, pursuant to the fifth Article of the original Constitution....

FREDERICK AUGUSTUS MUHLENBERG
Speaker of the House of Representatives.
JOHN ADAMS, Vice-President of the United States, and President of the Senate.

ATTEST,
JOHN BECKLEY, Clerk of the House of Representatives.
SAM. A. OTIS, Secretary of the Senate.

*On September 25, 1789, Congress transmitted to the state legislatures twelve wig amendments, two of which, having to do with Congressional representation and Congressional pay, were not adopted. The remaining ten amendments became the Bill of Rights.

---

AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES OF AMERICA

Amendment I*

Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press, or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.

*The first ten Amendments (Bill of Rights) were ratified effective December 15, 1791.

Amendment II.

A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

Amendment III.

No Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, nor in time of war, but in a manner to be prescribed by law.

Amendment IV.

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but

Case 6:17-cv-01515-CEM-T_S Document 1 Filed 08/18/17 Page 14 of 17 PageID 14

Police Misconduct as Municipal Policy or Custom, 13 Am. Jur. Proof of Facts 3d 1...

Evidence of the following facts and circumstances tends to show that the use of excessive force by a police officer was pursuant to a municipal policy or custom of excessive force amounting to a deliberate indifference to the constitutional rights of citizens:

# Excessive force under color of law [§§ 31, 33, 35, 41, 42, 46]

# Policymaking authority [§ 39]

# Unconstitutional policy or custom [§ 48]

— Facially invalid policy [§ 7]

— Failure to train [§ 32]

— Failure to discipline [§§ 41-43]

— Similar incidents [§§ 41, 42]

— Prior incidents [§ 47]

— Subsequent conduct [§§ 33, 41, 46]

— Number of officers involved [§ 33]

— Joint action by officers [§ 33]

# Causation [§§ 43, 48]

# Deliberate indifference of policymaking officials [§§ 45, 46, 48]

— Actual knowledge by policymaking officials [§§ 45, 46]

— Constructive knowledge by policymaking officials [§ 45]

**CUMULATIVE SUPPLEMENT**

**Cases:**

In arrestee's civil rights action against police officers alleging use of excessive force while arrestee was in custody, arrestee was not required to prove "significant injury" but was required to prove some injury. Knight v Caldwell (1992, CA5 Tex) 970 F2d 1430.

**City's indemnification of individual police officers as evidence of ratification:** In suit by business owner that her business was subject to unfair and discriminatory treatment by local police officers, district court did not abuse its discretion by excluding evidence of city council's decision to indemnify individual defendants against any punitive damage awards as more prejudicial than probative, since there were other grounds besides ratification theory upon which plaintiff could base her entity liability argument. Freeman v City of Santa Ana (1995, CA9 Cal) 68 F3d 1180, 95 CDOS 8179, 95 Daily Journal DAR 14085.

In determining whether police officers assigned to special drug task force had specific intent to use excessive force, it was not necessary to prove that they knew their conduct was unlawful. United States v Reese (1993, CA9 Cal) 2 F3d 870, 93 CDOS 5642, 93 Daily Journal DAR 9617 (among conflicting authorities noted in United States v Lilly (CA1 Mass) 13 F3d 15, summary op at (CA1 Mass) 14 R.I.L.W. 727, 22 M.L.W. 887) and cert den (US) 127 L Ed 2d 220, 114 S Ct 928.

**Prima facie case:** Plaintiff seeking to hold city liable under § 1983 for acts of its employees can prove the existence of a municipal policy or custom with proof that: (1) a municipal official with final policymaking authority directly committed

Case 6:17-cv-01515-CEM-T_S   Document 1   Filed 08/18/17   Page 15 of 17 PageID 15

Police Misconduct as Municipal Policy or Custom, 13 Am. Jur. Proof of Facts 3d 1...

or commanded the constitutional violation; (2) a policy maker indirectly caused the misconduct of a subordinate municipal employee by acquiescing in a longstanding practice or custom which may fairly be said to represent official policy; or (3) a municipal policymaker failed to adequately train their subordinates, if such failure amounts to "deliberate indifference" to the rights of the individuals who interact with the municipal employees. 42 U.S.C.A. § 1983. Hennessy v. City of Long Beach, 258 F. Supp. 2d 200 (E.D. N.Y. 2003); West's Key Number Digest, Civil Rights ☞206(4).

[Top of Section]

[END OF SUPPLEMENT]

IV. Model Request for Production of Documents

§ 30. Request for production of documents to municipal defendant

[Cumulative Supplement]

This model request for production of documents pertains to an action under 42 USCA § 1983, in which the facts alleged are substantially the same as those described in the sample proof in Subdivision V of this article.

**REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff hereby requests the Defendant, City of _____, to produce and permit Plaintiff to inspect and photocopy the following documents in accordance with Rule 34 of the Federal Rules of Civil Procedure:

1. Any and all written procedures for investigation of complaints of use of unreasonable force by City of _____ police officers duly adopted, promulgated, and in effect on _____ *[date]*. Nov 1, 2015

2. All records of complaints filed with the City of _____ Police Department against the Defendant, _____ *[arresting officer]*, while _____ *[arresting officer]* was employed as a City of _____ police officer, and any and all records of investigations conducted on the basis of such complaints.

3. All records of complaints regarding unreasonable use of force, abuse of official position, and abuse of due process of law by City of _____ police officers delivered to the City Manager, _____ *[name]*, during the period _____ *[dates]*.

4. All records concerning disciplinary action taken against City of _____ police officers since _____ *[date]* for unreasonable use of force, abuse of official position, or abuse of due process of law.

5. All documents in Defendant's possession (whether executed or unexecuted) purporting to release City of _____ police officers from civil liability.

6. All documents in Defendant's possession (whether executed or unexecuted) purporting to release City of _____ police officers from liability for violation of civil rights.

United States Code Annotated
    Title 42. The Public Health and Welfare
        Chapter 126. Equal Opportunity for Individuals with Disabilities (Refs & Annos)

42 U.S.C.A. § 12101

§ 12101. Findings and purpose

Effective: January 1, 2009
Currentness

**(a) Findings**

The Congress finds that--



(1) physical or mental disabilities in no way diminish a person's right to fully participate in all aspects of society, yet many people with physical or mental disabilities have been precluded from doing so because of discrimination; others who have a record of a disability or are regarded as having a disability also have been subjected to discrimination;

(2) historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;



(3) discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(4) unlike individuals who have experienced discrimination on the basis of race, color, sex, national origin, religion, or age, individuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination;

(5) individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser services, programs, activities, benefits, jobs, or other opportunities;

(6) census data, national polls, and other studies have documented that people with disabilities, as a group, occupy an inferior status in our society, and are severely disadvantaged socially, vocationally, economically, and educationally;

(7) the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; and

(8) the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

**(b) Purpose**

It is the purpose of this chapter--

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this chapter on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

**CREDIT(S)**
(Pub.L. 101-336, § 2, July 26, 1990, 104 Stat. 328; Pub.L. 110-325, § 3, Sept. 25, 2008, 122 Stat. 3554.)

Notes of Decisions (192)

42 U.S.C.A. § 12101, 42 USCA § 12101
Current through P.L. 115-30. Also includes P.L. 115-32, 115-34, and 115-36 to 115-38. Title 26 current through 115-40.

End of Document © 2017 Thomson Reuters. No claim to original U.S. Government Works.